```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 15-81007-CIV-ZLOCH
```

PAT KENNEDY,

    Plaintiff,

vs.                                         **<u>DEFAULT FINAL JUDGMENT</u>**

ROYAL PALM FINANCE, INC.

    Defendant.

_____/

    THIS MATTER is before the Court upon Plaintiff Pat Kennedy's Motion For Entry Of Judgment After Default Against Defendant And Verified Application For Attorney's Fees, Costs and Expert Fees (DE 12). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

    On December 8, 2015, the Clerk of the Court for the Southern District of Florida entered Default against Defendant Royal Palm Finance, Inc. (hereinafter "Defendant"). <u>See</u> DE 10. Plaintiff then filed the instant Motion (DE 12) on January 21, 2016. Defendant has neither moved to vacate the Clerk's Default (DE 10) nor responded to the instant Motion (DE 12).

    The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by Defendant by virtue of the Default entered against it. <u>Cotton v. Mass. Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, the Court finds that Defendant, as the owner, operator, lessee and/or lessor of a place of public accommodation as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, <u>et</u> <u>seq</u>., is responsible for complying with the obligations and Accessability

Guidelines of the ADA.  The place of public accommodation is the Facility located at Royal Plaza North, 11318-11328 Okeechobee Blvd., West Palm Beach, FL.  The Court finds that Defendant has violated the ADA in each of the ways alleged by Plaintiff in Plaintiff's Complaint.  See DE 1.

Plaintiff also seeks to recover his reasonable attorney's fees and costs for the successful prosecution of this action.  The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts."  10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2011).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

2

Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Here Plaintiff requests an hourly rate of $400.00 for Jeannette E. Albo, Esq. In support of this hourly rate, Plaintiff's submits the Affidavit Of Jeannette E. Albo, Esq., and her Resume. DE Nos. 12-2; 12-3. The Court, however, finds this to be an unreasonable hourly rate. The above-styled cause was a straight-forward ADA case, seeking injunctive relief and ending in default being entered against Defendant, which did not present any new or complex legal issues any different from the issues routinely presented in the numerous ADA cases filed here in the Southern District of Florida. Accordingly, the Court finds $350.00 to be a reasonable hourly rate for Jeannette E. Albo, Esq.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out

those that are excessive, redundant or otherwise unnecessary." Id.

Plaintiff's Affidavit (DE 12-2) reflects that Ms. Albo expended 7.3 hours in the successful prosecution of this action. The Court finds that this to be a reasonable amount of time spent on the above-styled cause. Therefore, Plaintiffs shall recover $2,555.00 ($350.00 x 7.3) in attorney's fees.

In addition to attorney's fees, the Court may, in its discretion, allow the prevailing party litigation costs and expenses as part of an award of attorney's fees. See 42 U.S.C. § 12205. Plaintiff's Motion (DE 12) seeks $1650.00 in total costs, comprised of filing fees, the service by publication fee, and the initial expert fee. The Court finds the costs sought by Plaintiff's Motion (DE 12) to be reasonable and allowable under 42 U.S.C. § 12205. Therefore, the Court shall award Plaintiff costs in the amount of $1650.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has personal jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff Pat Kennedy's Motion For Entry Of Judgment After Default Against Defendant And Verified Application For Attorney's Fees, Costs and Expert Fees (DE 12) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Pat Kennedy and against Defendant Royal Palm Finance,

4

Inc. upon the Complaint (DE 1) filed herein;

    4. Defendant Royal Palm Finance, Inc. be and the same is hereby **ENJOINED** from continuing its discriminatory practices. Defendant Royal Palm Finance, Inc. as the operator, owner, lessee and/or lessor of the Facility located at Royal Plaza North, 11318-11328 Okeechobee Blvd., West Palm Beach, FL, be and the same is hereby **ORDERED** to correct the following architectural barriers and violations of the ADA at the Facility. All references to "ADAAG standards" shall refer to ADA Accessibility Guidelines for Buildings and Facilities (ADAAG) as amended through September 2010:

    i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii. There is a lack of a compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, and the existing route has excessive slopes and non-compliant curb approaches.

    iv. There is an insufficient number of compliant parking spaces and access aisles and those existing have excessive slopes.

    v. At several tenant spaces, including LA Nails, Royal Crown, Peppermint Thai, and at the convenience store, there are non-compliant restrooms with, inter alia, hazardous floor surfaces, missing or non-compliant grab bars, inaccessible commodes, non-compliant doorways, improper door hardware,

flush controls on wrong side, inaccessible sinks, improperly located amenities, insufficient maneuvering space, obstructions, and inaccessible stalls.

5. Defendant shall comply with the terms of this Default Final Judgment within ninety (90) days of its entry; and

6. Plaintiff Pat Kennedy does have and recover from Defendant Royal Palm Finance, Inc. the sum of $2,555.00 in attorney's fees and $1650.00 in costs incurred in this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___4th___ day of March, 2016.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record